

MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Matthew F. Duggan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 03 2016

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NABOR PRUDENTE-RENDON,<br><br>Defendant. | 16-CR-00007-JLQ<br><br>Plea Agreement<br>(Fast Track U.S.S.G. § 5K3.1) |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney, for the Eastern District of Washington, and Matthew F. Duggan, Assistant United States Attorney for the Eastern District of Washington, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalty</u>:

The Defendant, NABOR PRUDENTE-RENDON, agrees to plead guilty to the Indictment, which was filed on January 5, 2016, charging the Defendant with being an Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326. The Defendant, NABOR PRUDENTE-RENDON, understands that this is a Class C felony charge, which carries a maximum penalty of: a twenty (20)-year term of imprisonment; a fine not to exceed $250,000; a three (3)-year term of supervised release; and a $100 special penalty assessment.

2.   **Violation of Supervised Release:**

The Defendant, NABOR PRUDENTE-RENDON, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, without credit for time previously served on post-release supervision.

3.   **Effect on Immigration Status:**

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to Alien in United States after Deportation, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that while deportation and/or removal appears to be a virtual certainty, no one, including his attorney or the district court, can predict with absolute certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty.

4. **The Court is Not a Party to the Agreement:**

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court may obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter.

Plea Agreement- 2
Prudente-Rendon FT Plea Agreement.docx

The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

5. <u>Waiver of Constitutional Rights</u>:

The Defendant, NABOR PRUDENTE-RENDON, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

6. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of being an Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, that the Defendant, NABOR PRUDENTE-RENDON, is not a citizen of the United States;

*Second*, that the Defendant was lawfully excluded, deported or removed from the United States; and

> *Third*, that the Defendant re-entered or was found in the United States without the permission of the Attorney General or his successor, the Secretary of the Department of Homeland Security, through the Bureau of Citizenship and Immigration Services, to re-enter the United States.

7. <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond are a reasonable doubt at trial; and that these facts constitute an adequate factual basis for NABOR PRUDENTE-RENDON's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

The Defendant, NABOR PRUDENTE-RENDON, is not a citizen of the United States. The Defendant is a citizen of Mexico. The Defendant was lawfully deported from the United States at San Ysidro, California, on or about February 4, 2012. On December 31, 2016, the Defendant was contacted by an agent from Immigrations and Customs Enforcement at Grant County, in the Eastern District of Washington. At that time, the Defendant did not have the permission of the Attorney General or his successor, the Secretary of the Department of Homeland Security, through the Bureau of Citizenship and Immigration Services, to re-enter the United States. Identity of the Defendant has been confirmed through comparison of the fingerprint on the Warrant of Removal with inked prints taken on or about the date of the Defendant's most recent arrest.

8. <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the Court will consult the United States Sentencing Guidelines (hereinafter "U.S.S.G.") and take them into account when sentencing. The Defendant also understands, however, that pursuant to

Plea Agreement- 4
Prudente-Rendon FT Plea Agreement.docx

United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guideline range is advisory and that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a) and to impose a reasonable sentence.

(a.) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement within forty-five days of arraignment; and enters a plea of guilty as soon thereafter as it may be placed on the Court's docket, the United States will recommend that the Defendant receive a two (2)-level reduction for acceptance of responsibility, and if the Defendant's adjusted offense level is sixteen (16), or greater, the United States will move for a one (1)-level reduction for timeliness. See U.S.S.G. § 3E1.1(a) and(b).

(b.) <u>Criminal History</u>:

The United States and the Defendant agree to the criminal history calculations contained in the abbreviated presentence report prepared by the U.S. Probation Office.

9. <u>Departures</u>:

Pursuant to U.S.S.G. § 5K3.1, the United States and the Defendant stipulate and agree that a three (3)-level downward departure should be applied in this case as part of an early disposition program. The parties agree they will not seek any further upward or downward departure from the applicable Sentencing Guidelines.

10. <u>Presentence Report</u>:

The U.S. Probation Office has prepared an abbreviated presentence report in this case. The United States and the Defendant believe they can provide sufficient information to the Court on the record to enable the Court, together with the abbreviated presentence report, to exercise meaningful sentencing discretion, pursuant to 18 U.S.C. § 3553. Thus, the United States and the Defendant request the Court

waive the preparation of a full Presentence Investigation Report pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii).

11. Incarceration:

The United States agrees to recommend that the Court impose a sentence within the applicable sentencing guideline range. The Defendant may ask for a sentence of 18 months incarceration.

12. Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a three (3)-year term of supervised release.

13. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14. Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15. Waiver of Appeal Rights and Collateral Attack:

In consideration of the United States' recommendations contained in this Plea Agreement as well as the various waivers by the Defendant, both parties waive any right to appeal this conviction and the sentence imposed by the Court in this case.

The Defendant also waives any right to collaterally attack this conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack (except for ineffective assistance of counsel based on facts discovered after the plea and sentencing). The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the Defendant might file challenging the conviction or sentence in this

Plea Agreement- 6
Prudente-Rendon FT Plea Agreement.docx

case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the United States, be remanded to the district court to determine whether the Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the Plea Agreement.

16. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington

*[signature]*                3-3-16
Matthew F. Duggan                DATE
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

*[signature]*                3\3\16
NABOR PRUDENTE-RENDON        DATE
Defendant

//

//

//

//

//

//

Plea Agreement- 8
Prudente-Rendon FT Plea Agreement.docx

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____   3/3/16
Amy H. Rubin                     DATE
Attorney for the Defendant

    I hereby certify that I have read and translated the entire fore going document to the Defendant in a language with which he is conversant. If questions have arisen, I have notified the Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions.

_____   _____
Interpreter                      DATE

Plea Agreement- 9
Prudente-Rendon FT Plea Agreement.docx